CLERK'S COPY
FILED
UNITED STATES DISTRICT COURT
NOV - 4 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT CHARLES MOORE,

Plaintiff,

v.                                                              No. CIV-99-0924 JP/LCS

CORRECTION CORPORATION OF AMERICA,
CHUCK BOYD, (Correction Agent),

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Defendant Corrections Corporation of America ("CCA") operates a private correctional



facility in Grants, New Mexico. Plaintiff's wife resides in the town of Grants. Defendant Boyd, an employee of CCA in Washington state, was temporarily transferred to Grants. The complaint alleges that when Defendant Boyd arrived in Grants, he rented living space from Plaintiff's wife. Boyd and Plaintiff's wife then commenced an "illicit cohabitation," resulting in the destruction of Plaintiff's marriage. Plaintiff claims his fundamental rights of marriage and privacy were violated by Boyd's conduct. He asserts the same claim against Defendant CCA based on CCA's failure to ensure that its employees are able to obtain housing. The complaint seeks declaratory and compensatory relief.

Plaintiff's pleading is considered against the minimum requirements for a complaint under 42 U.S.C. § 1983. A § 1983 complaint must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979) (plaintiff must allege a violation of a federally protected right); *Polk County v. Dodson*, 454 U.S. 312, 316 (1981) (plaintiff must allege violation was committed by person acting "under color of state law").

Nothing in Plaintiff's allegations supports the proposition that Defendant Boyd acted under color of state law when he rented living quarters and entered into an adulterous relationship. Even if, as here, a defendant is a state employee, there must be " 'a real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action was taken 'under color of state law.' " *Jojola v. Chavez*, 55 F.3d 488, 493 (10th Cir. 1995). Furthermore, "[t]he under color of law determination does not turn on an individual's subjective understanding of an actor's conduct." *Strange v. Porath*, No. 96-2072, 1996 WL 733766 (10th Cir. Dec. 24,

1996). The complaint makes no allegation that Boyd's renting of living space or engaging in a relationship with Plaintiff's wife was under a " 'badge' of state authority." *Jojola*, 55 F.3d at 493. Plaintiff's claims against Defendant Boyd, and against Boyd's employer, will be dismissed for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED; all pending motions are DENIED as moot; and an order of dismissal shall be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE